Lance R. Broberg (SBN 024103)
Timothy C. Bode (SBN 031484)

**TB TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE:  (602) 255-0103
EMAIL:  lrb@tblaw.com / tcb@tblaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Generations at Pinnacle Peak, LLC**, a Michigan limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>**Whitestone Pinnacle of Scottsdale – Phase II, LLC**, a Delaware limited liability company;<br><br>Defendant. | Case No. 2:17-cv-04597-DLR<br><br>**First Amended Complaint**<br><br>(Assigned to the Hon. Douglas L. Rayes) |

Plaintiff Generations at Pinnacle Peak, LLC ("Generations"), alleges as follows:

**Parties, Jurisdiction, & Venue**

1. Generations is a Michigan limited liability registered as a Foreign LLC in Arizona

2. Generations does business in Maricopa County, Arizona.

3. The sole member of Generations is Generations at Pinnacle Peak Investment, LLC, a Michigan limited liability company.

4. The sole member of Generations at Pinnacle Peak Investment, LLC is IPA SH Holding, LLC, a Michigan limited liability company.

///

5. The members of IPA SH Holding, LLC are IPA Holding, LLC, a Michigan limited liability company and individuals who are citizens of Michigan and Arizona.

6. The members of IPA SH Holding, LLC are A-G Capital Holding Corp., and individuals who are citizens of Michigan.

7. A-G Capital Holding Corp., is a citizen of Michigan because it is a Michigan corporation with its principal place of business in Michigan.

8. Accordingly, Generations is a citizen of Michigan and Arizona because its members are citizens of Michigan and Arizona.

9. Defendant Whitestone Pinnacle of Scottsdale – Phase II, LLC ("Whitestone II") is a Delaware limited liability company registered as a Foreign, LLC in Arizona.

10. Whitestone II does business in Maricopa County, Arizona.

11. Pursuant to its filings with the Arizona Corporation Commission, the sole member of Whitestone II is Whitestone REIT Operating Partnership, L.P., a Delaware limited partnership.

12. Pursuant to Whitestone REIT's 2016 10-K, Whitestone REIT is the sole general partner of Whitestone REIT Operating Partnership, L.P. and owns 96.4% of Whitestone REIT Operating Partnership, L.P.

13. Pursuant to Whitestone REIT's 2016 10-K, the remaining 3.4% of units are owned by third parties, including certain trustees.

14. Upon information and belief, the limited partner(s) of Whitestone REIT Operating Partnership, L.P. are not citizens of Arizona or Michigan.

15. Complete diversity of citizenship exists amongst Generations and Whitestone II.

16. The dispute outlined in this Amended Complaint concerns real property located in Maricopa County, Arizona.

17. All relevant conduct and events described herein occurred in Maricopa County, Arizona, or were directed towards Maricopa County, Arizona.

18. Generations and Whitestone II are parties to an Executed Agreement Regarding Development Matters dated March 7, 2017 ("<u>Development Agreement</u>"), out of which this dispute arises.  A copy of the Development Agreement is attached as **Exhibit A**.

19. The Development Agreement includes a choice of law and venue provision that prefers the laws of the State of Arizona and that requires any suit or other legal action to be adjudicated in Maricopa County, Arizona.

20. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds the $75,000 jurisdictional threshold.

21. Venue is proper in the United States District Court of Arizona pursuant the Parties' valid forum-selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013) ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.") (internal citations omitted).

### **General Allegations**

22. Whitestone II owns and operates a commercial shopping center comprised of three buildings and a 2-floor parking structure located on the east side of Scottsdale Road north of Pinnacle Peak Road.  Whitestone II's tenants include a Starbucks, a restaurant, and an Orange Theory Fitness.

23. Generations owns real property formerly owned by United Insurance Company of America (Generations also bought a piece from Whitestone II) and located immediately east and behind Whitestone II's property and immediately north and behind a property owned by a related Whitestone entity.

24. Crown-Phoenix V, LLC, as predecessor to Whitestone II, and United Insurance Company of America, as predecessor to Generations, entered into an Amended and Restated Declaration of Cross Easements and Parking dated February 26, 2007, and recorded at Maricopa County, Arizona Recorder's number 2007-0251301, as subsequently amended from time to time, ("<u>Cross Easement Declaration</u>").

25. A copy of the Cross Easement Declaration is attached as **Exhibit B**.

26. The Cross Easement Declaration governs both relevant properties and provides, in pertinent part, as follows:

    a. The term "Common Areas" shall mean and include all parts of the Property which are, from time to time, devoted primarily to parking, parking approaches, sidewalks, pedestrian passageways, and interior roadways through the Parcels. [§ 1.3]

    b. Each Owner hereby grants and conveys, and each other person who becomes an owner of any portion of the Property shall immediately upon becoming an Owner and without further act, be deemed to have established and conveyed, to each and every other Owner a perpetual nonexclusive appurtenant easement over, upon, and across the Common Areas for the purposes of pedestrian and vehicular ingress, egress, passage, and traffic of all Permittees, including but not limited to (i) unrestricted passage through the Common Areas of the Crown Parcel to and from Scottsdale Road; (ii) egress through the Common Areas of the Crown Parcel to the adjacent shopping center…. [§ 2.1(a)]

    c. [F]ree access over the Common Areas of the individual Parcels comprising the Property shall be maintained and shall not be impeded; provided, however, that such free access may be temporarily impeded during any time of construction, repair or maintenance of or within the Common Areas so long as alternative access is provided, if necessary. [§ 2.1(h)]

    d. …each and all of the easements and rights granted … shall bind each and every person or entity having any fee, leasehold, or other interest in any portion of the Property…. [§2.3(a) and (b)(iv)]

1
2
3
4
    e. Each Owner hereby agrees to grant such other easements that may be required by the City or any utility company, including without limitation, access easements for emergency and services vehicles…. [§ 2.1(j)]

5  27. Years later, having acquired their respective interests in the property, the
6 instant Parties entered into the Development Agreement, defined *supra*.

7  28. In the Development Agreement, Generations and Whitestone II
8 acknowledged the Cross Easement Agreement and agreed as follows:

9
10
11
12
13
> Fire Lane. As part of the Generations Development, Generations is required to modify the area servicing Whitestone's building A, as depicted on the site plan attached as Exhibit C, and detailed in Exhibit G. Generations agrees to consult with Whitestone with respect to the timing of constructing such modification to avoid disruption of Whitestone's operations during such period. Generations shall be responsible for all costs of such modifications.

14 [§ 3]

15  29. At all relevant times, it was understood by Generations and Whitestone II
16 that Generations was required to have a dual access fire lane with one access located at the
17 northwest of Generations' property adjacent to a 21-space parking lot on Whitestone II's
18 property.

19  30. In October 2017, Generations was advised by the fire inspector that the
20 second access point for the fire lane (the one referenced above and at issue) could not be
21 installed towards the end of construction but instead must be installed prior to Generations
22 bringing combustible materials (wood framing) onto the construction site.

23  31. In good faith, Generations provided written notice, along with the plans for
24 the anticipated installation construction, the fir inspector's certificate confirming as much,
25 and offering access to additional parking spaces controlled by Generations to mitigate any
26 inconvenience to the customers of Whitestone II's tenants' customers.

27 ///
28 ///

32. On November 11, 2017, when fencing was being installed to permit the installation of the fire lane access, Whitestone II, or its agent, halted the improvement by calling the police.

33. Whitestone II has at all times since employed a security guard to prevent any construction of the fire lane.

34. Whitestone II's security guard, in direct violation of the Cross Easement Agreement, has harassed Generations' trade and other personnel including, but not limited to:  prohibiting a truck from delivering 5 gallon water bottles of water to the Generations property site (for the construction trailer), prohibiting a Generations' waste company from cleaning waste tanks located behind Generations' construction trailer, and prohibiting trades from reaching or parking on the top deck of the parking structure which spaces are reserved for Generations.

35. Whitestone II has previously caused substantial delay to Generations' construction.

36. Whitestone II refused to execute and deliver certain easements required by, and in favor of, the City of Scottsdale ("City") to permit the City to maintain the water and sewer lines necessary to service Generations' property ("Utility Easements").

37. Whitestone II's delay and refusal was a direct violation of a prior Declaration [Attached as Exhibit C, *see* section VII(A)(II) which provided: *Upon request, the owner of a parcel shall grant such easements directly to utility companies or governmental entities as may be necessary to carry out the purposes of this subparagraph (ii).*] and the Cross Easement Declaration at Exhibit j, quoted above.

38. On threat of litigation, Whitestone II eventually executed and produced the required Utility Easements.

39. The unjustified delay by Whitestone II, however, caused substantial, quantifiable damage to Generations.

///

///

## Count One

## Breach of Contract

40. Generations incorporates the above allegations as stated herein.

41. The Cross Easement Agreement is a valid, enforceable contract by and between Generations and Whitestone II.

42. By virtue of the conduct described above, Whitestone II has breached its obligations to Generations as set forth in the Cross Easement Agreement.

43. Generations has been damaged in an amount to be proven at trial.

44. Generations is entitled to an award of its attorneys' fees and costs pursuant to the contract document and A.R.S. §§ 12-341 and 12-341.01.

## Count Two

## Breach of Contract

45. Generations incorporates the above allegations as stated herein.

46. The Development Agreement is a valid, enforceable contract by and between Generations and Whitestone.

47. By virtue of the conduct described above, Whitestone II has breached its obligations to Generations as set forth in the Development Agreement.

48. Generations has been damaged in an amount to be proven at trial.

49. Generations is entitled to an award of its attorneys' fees and costs pursuant to the contract document and A.R.S. §§ 12-341 and 12-341.01.

## Count Three

## Breach of Implied Covenant of Good Faith and Fair Dealing

50. Generations incorporates the above allegations as stated herein.

51. Every contract under Arizona law implies a covenant of good faith and fair dealing.

52. The implied covenant of good faith and fair dealing is as much part of the contract as express terms.

53. The Cross Easement Agreement and Development Agreement are binding contracts between Generations and Whitestone II.

54. Whitestone II breached the implied covenant of good faith and fair dealing by, *inter alia*, refusing and delaying the execution and production of the Utility Easements, blocking the access of Generations' and its invitees to Common Areas and easements, and blocking and delaying the installation of the fire lane and emergency vehicle access.

55. Generations has been damaged by Whitestone II's breaches in an amount to be proven at trial.

56. This is a contested action arising out of a contract or contracts and Generations is entitled to an award of his attorneys' fees and costs pursuant to those contracts and A.R.S. §§ 12-341 and 12-341.01.

## **Prayer For Relief**

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

A. An order preliminarily and permanently enjoining Whitestone II and all those acting in active concert with Whitestone II from interfering with Generations easement, ingress, egress, and other rights under the contract documents;

B. An award of the damages caused by Whitestone II's wrongful conduct in an amount to be proven at trial;

C. An award of the attorneys' fees and costs expended by Generations in connection with this action pursuant to the Parties' contracts as well as A.R.S. §§ 12-341 and 12-341.01; and

D. Such other and further relief as this Court deems just or appropriate.

DATED this 20th day of December, 2017.

TIFFANY & BOSCO P.A.

By: */s/ Lance R. Broberg*
Lance R. Broberg
Timothy C. Bode
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
*Attorneys for Plaintiff*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on December 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF registrants:

>Douglas H. Allsworth
>Kutak Rock LLP
>Doug.Allsworth@kutakrock.com
>***Attorney for Defendant***

> > > */s/ Laurel S. Brassell*
> > > Laurel S. Brassell